**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

| | |
|---|---|
| **CHARLES JORDAN** | **PLAINTIFF** |
| **v.** | **No. 4:24CV9-JMV** |
| **TRACY MACDONALD, ET AL.** | **DEFENDANTS** |

**ORDER DENYING PLAINTIFF'S MOTION [49]**
**TO ALTER OR AMEND JUDGMENT**

This matter comes before the court on the plaintiff's motion for reconsideration of the court's final judgment [48] dismissing the instant case. The court interprets the motion, using the liberal standard for *pro se* litigants set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), as a motion to amend judgment under Fed. R. Civ. P. 59(e), which must be filed within 28 days of entry of judgment. An order granting relief under Rule 59(e) is appropriate when: (1) there has been an intervening change in the controlling law, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

The court entered a memorandum opinion [34] and final judgment [35] – granting the defendants' motion for summary judgment and dismissing the instant case. According to the plaintiff, before the court entered final judgment [35], his sister had provided the court photographic evidence supporting his claims. The court, however, could not locate the photographs and entered judgment without reviewing or considering them. The plaintiff moved [36] to alter or amend judgment, arguing that the court should have considered the photographs before rendering a decision in the case. The court granted [37] the plaintiff's motion and set deadlines for the parties to provide additional briefing and evidence. The parties submitted

additional argument and evidence; however, the court did not receive the photographs. The court then issued a second memorandum opinion [47] and final judgment [48] – again granting the defendants' motion for summary judgment and dismissing the case. The court noted in its opinion that Jordan had yet another opportunity to provide the photographs, but the court never received them.

In the instant motion [49] Jordan again argues that the court erred in ruling on the summary judgment motion without the benefit of the photographic evidence. He alleges that his sister attempted to send the photographs to the court; however, as stated in its memorandum opinion, the court has no record of having received them. The court notes that, despite his knowledge that the court could not locate the photographs and thus could not consider them for its opinion and judgment, Jordan did not include a copy of them with the instant motion.

**Discussion**

Ultimately, it is the plaintiff's responsibility to provide evidence to support his claims. Mail is sometimes mishandled; litigants can be mistaken about where to send court filings, and it is certainly possible for court staff to misplace a document. Despite everyone's best efforts, human error exists. That said, Jordan has had multiple opportunities to provide the photographs to the court, but the court has no record of having received them. The court cannot wait indefinitely for evidence to support a litigant's case; a court must rule on the issues in each case. Even now, the court has not received the photographs Jordan believes will support his response to the defendants' summary judgment motion. Jordan has had multiple opportunities to provide the evidence to the court.

In any event, it does not appear that photographs would have changed the outcome in this case. Many of the claims in this case were dismissed for failure to exhaust administrative

remedies – a procedural dismissal – not a dismissal on the merits. Doc. 47, p. 8-9. In addition, the defendants were shielded by qualified immunity as to the remaining (exhausted) claims, as well as one of the unexhausted ones (inadequate cleaning supplies). *Id*. at 9. Indeed, the exhausted claims also failed on the merits. *Id*., p. 16. It does not appear that photographic evidence would have altered the outcome of this case.

**Conclusion**

In granting the defendants' motion for summary judgment, the court found that the plaintiff had failed to exhaust administrative remedies as to many of his claims. In addition, the defendants are cloaked qualified immunity as to the remaining (exhausted) claims (as well as one of the unexhausted claims), and those claims also fail on the merits. As such, the plaintiff has neither asserted nor proven any of the justifications to amend a judgment under Fed. R. Civ. P. 59(e). Hence, the plaintiff's request [49] to alter or amend judgment is **DENIED.**

**SO ORDERED**, this, the 10th day of September, 2026.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE